# Roney *v.* Moss.

*Bill in Equity for Specific Execution of Defective Mortgage.*

1. *Specific execution of imperfect instruments.*—When a written instrument, intended as a conveyance, is defective in some particular essential to pass the legal title,—as the attestation of a subscribing witness, or a proper acknowledgment,—a court of equity will regard it as an agreement to convey, and will decree a specific execution of it, if the person executing it was *sui juris;* but, to authorize such decree, the instrument must be founded on a valuable consideration, and must be strictly equitable.

2. *Same; consideration and recitals of mortgage.*—When the instrument, a specific execution of which is sought, is in the form of a mortgage to secure the payment of a debt particularly described, its recitals are *prima facie* evidence of the existence of the debt, and cast on the mortgagor the *onus* of disproving them; but, the evidence in this case clearly showing that the debt had been in fact paid, the presumption is rebutted, and a specific execution properly refused.

3. *Presumption arising from failure of proof.*—When a party has the means and opportunity to prove a material fact, and fails or neglects to prove it, it is a fair and just presumption that the fact does not exist.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 28th June, 1881, by John E. Roney, against James Moss and Wyatt S. Oates; and sought a divestiture of the legal title to a tract of land out of said Moss, and an injunction of an action at law which he had brought against the complainant to recover the possession. The tract of land contained one-hundred and sixty acres, and was sold and conveyed to the complainant by said Wyatt S. Oates, by deed dated the 23d September, 1878, on the consideration of $320 in hand paid; and the complainant was in possession, under his purchase, when the bill was filed. Said Oates was in possession of the land at the time of his sale and conveyance to the complainant, claiming and holding under an instrument in the form of a mortgage, executed to him by said Moss and wife, which contained a power of sale; and default having been made in the payment of the secured debt as recited, he sold the land under the power, and became himself the purchaser at the sale. This instrument, a copy of which was made an exhibit to the bill, was dated the 16th January, 1877, and was signed by said James Moss and his wife, each signing by mark only. It purported to be given to secure the payment of a promissory note for $342.26, of even date with

[Roney v. Moss.]

the mortgage, which was signed by said Moss and wife, each signing by mark only. and a copy of which was set out in the mortgage.    Neither the mortgage nor the note had any attesting witnesses, but the certificate of a justice of the peace was appended to the mortgage, in these words: "I, J. J. Head, N. P.," &c., "hereby certify, that J. and Serena Moss, whose names are signed to the foregoing conveyance, and who are known to me, executed the same voluntarily, before me, on the day the same bears date."    The bill alleged that this instrument was intended by the parties as a valid mortgage, and was delivered and accepted as a complete, executed conveyance; that it was executed and acknowledged before the justice of the peace, on the day of its date, but was defective as a conveyance, on account of the insufficiency of his certificate, through mistake or ignorance on his part; and that the defect was not discovered until after the lands had been sold under the power contained in the instrument, after Moss had delivered possession to Oates as the purchaser at the sale, and after Oates had sold and conveyed to the complainant.    The action at law, an injunction of which was sought, was commenced in September, 1881.

An answer to the bill was filed by Moss, denying the validity of the mortgage, alleging that it was without consideration, and that it was void both at law and in equity.    He alleged that the land was his homestead, having been entered under the Homestead Acts of Congress, and that the instrument was void, under these acts, because he had not completed the payments of the purchase-money, and had no legal title; and that it was void as a conveyance of his homestaed, because it was not executed as required by the statute.    He denied that he owed any debt to the mortgagee, as recited, and charged fraud and usury in the transaction; and he demurred to the bill, for want of equity.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

OATES & COWAN, and TROY & TOMPKINS, for appellant.—A court of equity has undoubted power to aid an imperfect attestation, and compel a conveyance of the legal estate as intended by the defective deed, treating it as an executory agreement to convey.—*Goodlett v. Hansell*, 66 Ala. 151; *Jenkins v. Harrison*, 66 Ala. 345; *Wadsworth v. Wendell*, 5 Johns. Ch. 230; *Morse v. Faulkner*, 1 Anstr. 14; *Barr v. Hatch*, 3 Ohio, 538; *Jennings v. Moore*, 2 Vern. 609: *Varick v. Edwards*, 1 Hoff. Ch. 381.    Under these authorities, if no question of homestead were involved, the court would not hesitate to decree a divestiture of the legal title to the land.    Though the mortgage is

[Roney v. Moss.]

defective on its face, the defective certificate amounting only to an attestation by one witness (*Merritt v. Phœnix*, 48 Ala. 87); yet the proof shows that the parties complied with all the requisitions of. the law, and the only defect was caused by the ignorance or mistake of the officer; and the court will not allow this to operate a fraud on innocent parties.—*Burrell v. Hanrick*, 42 Ala. 60; 30 Ala. 100; 29 Ala. 346. But the subsequent abandonment of the premises by Moss, when he delivered possession to Oates, removes this obstacle, and shows that no homestead right is involved.—*Gee v. Moore*, 14 Cal. 472; *Allison v. Shilling*, 27 Texas, 450; *Brewer v. Wall*, 23 Texas, 585; *Heard v. Downer*, 47 Geo. 629; *Benedict v. Webb*, 57 Geo. 348; *Stewart v. Mackey*, 16 Texas, 56; *Jordan v. Goodman*, 19 Texas, 273; *Hewitt v. Templeton*, 48 Ill. 367; *Hall v. Fullerton*, 69 *Ib.* 448; *Winslow v. Noble*, 101 *Ib.* 194.

J. A. CLENDENIN, *contra*. (No brief on file.)

BRICKELL, C. J.—It is a familiar doctrine of a court of equity, that an instrument in writing, intended as a conveyance of lands, wanting in some essential, element to pass the legal estate,—as the attestation of a subscribing witness, or an acknowledgment of execution before an officer having authority to take and certify it, or a defective acknowledgment,—will be regarded as an agreement to convey, and performance of it will be enforced.—*Goodlett v. Hansell*, 66 Ala. 151; *Jenkins v. Harrison*, *Ib.* 345. It is scarcely necessary to say, that we refer to instruments executed by persons who are *sui juris*, and not to instruments executed by married women, not conforming to statutes enabling them to convey lands. The court will not decree specific performance of the instrument, unless it is strictly equitable; nor unless it is founded upon a valuable consideration. The instrument stands upon the footing of an executory contract to convey; and if it appears to have been made without consideration, the court will not decree that it be carried into effect.—*Hanson v. Michelson*, 19 Wisc. 498.

The instrument of which appellant claims performance was intended as a mortgage to secure a debt which is particularly described. The debt forms the consideration which must support it, and, if there be no debt, specific performance of it can not be decreed justly and equitably. The recital of the debt in the mortgage, and the promissory note embodied in it, are *prima facie* evidence of the existence of the debt, casting upon the mortgagor the burden of disproving its existence and its consideration. An examination of the evidence leads us to the conclusion, that the presumption arising from the recital of the mortgage, and from the making of the promissory note, is

[Foster v. Napier.]

clearly repelled, and that there was really no debt due or owing from the mortgagor to the mortgagee when the instrument was executed. The antecedent debt to Ephraim Oates, the assignor of the mortgagee, which forms a large part of the amount for which the note was given to the mortgagee, is shown to have been fully paid before the note was assigned. If there was any other consideration for the note, the mortgagee must have known of what it consisted, and had the power of proving it. The evidence of the mortgagor is clear and pointed, that there was no other consideration, and that he had no transaction with the mortgagee, from which a debt could originate. When a party, having the means and opportunity to prove a fact, fails or neglects to offer evidence of it, the presumption is fair and just that it does not exist.

We do not regard it as necessary to consider any other question the case is supposed to present, for upon this clear ground, that there is no consideration for the instrument, specific performance of it was properly refused. Let the decree be affirmed.