# Branch v. Smith.

### *Statutory Action of Ejectment.*

1. *Vendor and purchaser*; *vendee's right to maintain ejectment, though he enters into possession under an inoperative deed.*—Where a grantee in a deed, which is inoperative as a conveyance, takes possession under said deed, he can maintain ejectment, and is entitled to recover upon the strength of that possession, against any one subsequently coming into possession and showing no superior right to retain it.

[Branch v. Smith.]

2. *Deed; admissibility of secondary evidence thereof.*—A copy of a deed is inadmissible in evidence where no effort is made to produce the original, and there is no proof of its loss or destruction.

3. *Same; no evidence of title in ejectment, when not attested or acknowledged.*—A deed which is executed and delivered without being acknowledged or attested, is inoperative only as an agreement to convey, and is not evidence of the conveyance of title in an action of ejectment.

4. *Ejectment; when no superior right of possession shown in defendant; plaintiff's right of recovery; case at bar.*—In an action of ejectment by a grantee, who took possession under a deed which was inoperative as a conveyance, against one who subsequently went into possession under a deed from the same grantor, which was neither attested nor acknowledged, and a copy of which was admitted in evidence only for the purpose of showing color of title and not as evidence of title, there is not shown a superior right in defendant to retain possession, and the plaintiff is entitled to recover.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was a statutory real action in the nature of ejectment, brought by the appellant, Jane Branch, against the appellee, Annie Smith. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the general affirmative charge in her behalf; and separately excepted to the court's refusal to give said charge.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

R. L. HARMON, for appellant.—1. The deeds offered in evidence by the defendant were only offered as color of title, and they were not admissible in evidence for any other pupose, if for that.—*Postal Tel. Cable Co. v. Brantley*, 107 Ala. 683.

2. A deed, to constitute it a conveyance to real estate in Alabama, must be signed by the grantor, and witnessed by at least one witness who can write his name, where the grantor is able to write.—Code of 1886, § 1789; *Caperton v. Hall*, 83 Ala. 171. And the execution of a deed must be proven by the subscribing witness to the deed.—1 Greenl. on Ev., §§ 569, 569a; *Elyton Land*

*Co. v. Denny*, 108 Ala. 553 ; Devlin on Deeds, §§ 257, 258.

3. It is clear, from the uncontradicted evidence, that the defendant is not a purchaser from any one holding as a purchaser for value, of the legal title, or even an equitable title from D. W. Branch, and she shows no title prior to the title of D. W. Branch.—*State v. Conner*, 69 Ala. 212. And the purported attestation of George Branch of the deed to Mary E. Branch was not sufficient to give validity to the deed. His testimony was irrelevant and inadmissible.—*Gilliland v. Fenn*, 90 Ala. 230.

W. L. PARKS and M. N. CARLISLE, *contra.*

HEAD, J.—Statutory real action by appellant against appellee for a lot of land in Brundidge. There were two issues : not guilty, and a suggestion of adverse possession for three years and permanent improvements, under the betterment act. It is conceded that the land sued for belonged to D. W. Branch, on and prior to January 15, 1883. On that day, he executed to his wife, the appellant, for a recited valuable consideration, a deed which was intended to embrace the land in suit. Whether the description, as therein set forth, was sufficiently certain to render the deed an operative conveyance was made a controverted question, by an objection interposed by the defendant. We will see further on, how the objection, if well taken, operates upon the defendant herself. As between D. W. Branch and his wife, the appellant, the undisputed evidence establishes a complete change of actual possession from the former to the latter, from and after the execution of the deed to her, on January 15, 1883 ; so that, though the deed may have been inoperative as a conveyance, upon well recognized principles, she became entitled to recover, upon the strength of that possession, against any one subsequently coming into possession and showing no superior right to retain it. Did the defendant then show such superior right? Her position, in the case, appears to be equivocal or inconsistent. She claims to defeat the action under the plea of not guilty, upon a purported regular chain of title to herself, beginning with a deed from said D. W. Branch to his daughter, Mary E. Branch, dated March 10, 1883, yet upon plaintiff's ob-

30

jections to the introduction of these several conveyances, defendant, as the bill of exceptions recites, stated that they only offered the deeds for the purpose of showing *color of title* and *not as evidence of title*, and the court admitted them in evidence, and instructed the jury that each of them was admitted only for the purpose of showing color of title. There was no claim or evidence by the defendant of ten years adverse possession, so that, the only possible relevancy of a *color of title merely* was to the issue under the betterment act, which, of course, did not go to the defeat of the entire action. Hence, if we take these deeds as the defendant, herself, and the trial court took them, it is demonstrated that the plaintiff was entitled to recover. The defendant, in that case, not having established herself as a purchaser, direct or remote, from D. W. Branch, was in no position to invoke an intent to defraud creditors infecting the deed from him to his wife, or his transfer to her of the actual possession, as she undertook to do on the trial. But we will look to the deeds themselves and see if they may go further than mere color of title under the betterment act, and operate as a transfer of the title to the defendant. At the outset, we find that the first two deeds, viz., that from D. W. Branch to Mary E. Branch, and that from Mary E. Branch to her vendee, are infected with the same vice of description as the deed from D. W. Branch to appellant; so that if appellant acquired nothing by her deed, on account of that vice, the defendant acquired nothing by hers, for the same reason; and upon the hypothesis that these instruments are void by reason of the uncertainty of description, the plaintiff was entitled to recover upon her prior actual possession. Let us examine the case, then, upon the postulate that the descriptions were sufficient. We have then a legal conveyance to the plaintiff from D. W. Branch which makes out her *prima facie* case. The defendant undertook to establish, as we have seen, a deed from D. W. Branch to Mary E. Branch of date, March 10, 1883, which, if executed, was confessedly followed by regular conveyances to the defendant. Was such a deed established? The original was not produced; no effort was made to produce it, and no proof of its loss or destruction was made or attempted. The defendant, against the objection and exception of the plaintiff, was per-

mitted to adduce the testimony of said D. W. Branch, on cross-examination, "that he made a deed to Mary E. Branch conveying to her the same land, but it was not done in the presence of any one, and that no one ever saw him sign it; that there was no subscribing witness to it nor any acknowledgment. That to his best recollection, it was done in the early part of 1883." "Defendant then exhibited a record to the witness which purported to be a copy of a deed from D. W. Branch to Mary E. Branch, dated March 10, 1883, conveying the land in controversy, signed by George A. Branch as a witness. Witness stated that the record appeared to be a copy of the deed, so far as he remembered, but that he did not know when G. A. Branch's name was signed to it as a witness, that it was not done at his request, nor with his knowledge or consent." The defendant was also permitted, against the objection and exception of plaintiff, to give evidence to prove that in 1893, D. W. Branch sent by mail to M. N. Carlisle, to be recorded, a deed from himself to Mary E. Branch, of which the said record was a copy, and that Carlisle had the same recorded, at once; that George Branch's name then appeard on the deed as a witness, as shown by the record. The defendant introduced said George Branch, and his testimony was to the effect that he was never present at, nor witnessed the execution of such a deed. He remembered, on one occasion, on Sunday, his sister, Mary E. Branch, came into his room and said, " 'Brother George, sign this,' handing me a paper, and I wrote my name on it. I did not ask her what it was, and did not think anything about it. She did not tell me what it was. No one ever told me what it was. I never asked anybody what it was. Nobody has talked to me or with me about it since, except my sister called my attention to it quite a while ago in Bessemer, Ala. * * * I believe it was in July, 1885, while I was firing on the road running into Atlanta, that I signed the paper. I did not, at the time, notice any other name signed to it, and do not remember and do not know whether it was a note or deed, or what it was. I just signed the paper she handed me, at her request, where she told me to sign it." The defendant, against the objection and exception of the plaintiff, was permitted to introduce the said record in evidence. The record did not show

acknowledgment at all, nor registration within twelve months. It will be remembered, however, that the court admitted this evidence only as color of title. The difficulty is that it was also permitted to operate as evidence of a conveyance.

It is obvious, first, that no predicate was laid for the introduction of secondary evidence of the supposed deed, as evidence of title, and, second, if there had been, the undisputed evidence shows that the deed was not attested by a witness, in a way to make it operative as a conveyance. Conceding that it was executed by D. W. Branch and delivered, having no witness· or acknowledgment, it operated only as an agreement to convey, and will not be recognized in a court of law.

There was no question of fraud upon creditors properly involved in the case ; and if there had been, the record does not present a semblance of evidence tending to show that D. W. Branch, at the time he made the deed to his wife, owed a debt, or expected to incur one. Nor was there any evidence tending to dispute his testimony showing the validity of the valuable consideration recited in the deed. There was, therefore, nothing to submit to the jury upon the subject of fraud. The court erred in its several rulings on the trial, and in refusing to give the general affirmative charge requested by the plaintiff.

We wish it understood that we do not decide whether the said deeds with uncertain descriptions of the property are valid or not. Under either view, as the case is now presented, the plaintiff is entitled to recover.

Reversed and remanded.