7 So.2d 87
### COPELAND et al. v. COPELAND.
7 Div. 690.

Supreme Court of Alabama.
March 26, 1942.

C. A. Wolfes, of Fort Payne, for appellee.

BROWN, Justice.

This is a bill in the nature of a bill of review filed by the appellants and their mother seeking to impeach a former decree of the circuit court rendered in a partition proceeding brought by the appellee against appellants and their mother.

The bill as last amended alleges:

"That on, to-wit, July 26, 1927, there was filed in this Honorable Court a petition by W. W. Copeland praying, among other things;

" '1. That the Court by its decree hold that the complainant is entitled to have invested in him title to an undivided one half interest in said described lands.'

" '2. That said lands be partitioned between the complainants and the defendants under the direction of this Court so as to vest in the minor defendants such other rights of Gertrude Copeland as the widow of D. O. Copeland all the rights, title and interest in one particular half of said lands

Rains & Rains, of Gadsden, for appellants.

embracing the land upon which the said D. O. Copeland's new dwelling house has been erected and so as to vest in the complainant all the right, title and interest in and to the remaining half of said lands.'

"'3. That all necessary reference be held before the Register and such Commissioners be appointed by the Court, as may be required to execute equitable partition of said property between the parties hereto and to establish their rights therein.'

"That at said time there was appointed by the Court a guardian ad litem for the minors, Randolph Copeland, Roy Copeland, Ray Copeland and Mary Ruth Copeland.

"That no service of any kind was ever had upon said minors and that upon the hearing of said cause the minors' interests were not properly protected, in that the guardian ad litem did not exercise due diligence in conserving the right of the infant litigants; because of the fiduciary or trust relation assumed, there was a flagrant neglect of duty on the part of the guardian ad litem resulting in the sacrifice of the infants' rights which was participated in by the opposing party. And Complainants further aver that a decree was entered granting unto said W. W. Copeland one-half of the land of the said D. O. Copeland, deceased, which lands were at the time of the rendition of the decree owned by the widow, Gertrude Copeland, and the minor Complainants in this cause, and that Complainants aver that said decree and the proceedings which led to it was the product of prejudicial negligence or dereliction of duty on the part of the guardian ad litem and that said decree and proceedings which led to it were clothed with the circumstances of fraud on which said decree should be impeached.

"Complainants further aver that the Respondent entered into a scheme designed to defraud said minors out of their interest in said property, claiming or contending that he owned an undivided one-half interest in the real estate hereinabove described, and that said petition filed and set out above in Paragraph 6, included false and fraudulent statements upon which statements the power or jurisdiction of the Court was invoked to render the decree in this Honorable Court which is now under attack in this proceeding, and that as a result of said scheme on the part of the Respondent that decree which was rendered in this Honorable Court, on the 10th day of December, 1928, a final decree, which was in fraud of the rights of the Complainants who were at the time of the rendition of the decree, minors.

"These Complainants aver the truth to be that their father, D. O. Copeland, was the owner in fee simple of the property described, at the time of his death, and that at the time of the rendition of the decree mentioned in Paragraph 8, above, the Complainants, together with their mother, Gertrude Copeland, owned said property as the widow and heirs at law of the said D. O. Copeland, deceased, and that the Respondent had no interest or claim of any kind against said property, and that in securing said interest by a decree of this Court hereinabove alleged, that the Respondent practiced fraud upon the Court."

The mother was stricken as a party complainant, and the defendant demurred, on grounds, among others:

"9. For that said bill as amended fails to set out the decree complained of, the proceedings which led to said decree and the facts going to show the alleged fraud upon the court which brought about or caused the rendition of said decree."

"10. The bill of complaint as amended shows that all of said alleged minors were represented by guardian ad litem and except as a conclusion of the pleader, it is not shown that said guardian ad litem was derelict in his duties."

"14. It is but an unauthorized conclusion of the pleader to say that on said hearing of said cause the minors' interests were not properly protected upon the hearing of said cause."

"16. It is but a conclusion of the pleader that as a result of said scheme said decree was entered in fraud of the rights of the complainants who were, at the time of the rendition of the decree, minors."

"18. For that the decree complained of is not sufficiently set forth in said bill."

"28. The circumstances of fraud on which said decree is now attempted to be impeached are not set forth except as a conclusion of the pleader."

"32. Said bill as amended does not advise this defendant of the alleged false and fraudulent statements in the petition filed in the original cause, upon which statements the power or jurisdiction of the court was invoked to render the decree complained of."

It is incumbent on one who would impeach the decree of a court of record, of

510

competent justification for fraud in its procurement, to allege in his bill sufficient of the proceeding to show that the court had jurisdiction, the substantial contents of the decree, and facts and circumstances that suggest and will support a conclusion of fraud. The averment of fraud as a mere conclusion is not sufficient. Boothe et ux. v. Shaw et al., 214 Ala. 320, 107 So. 814; Graves et al. v. Brittingham et al., 209 Ala. 147, 95 So. 542; Jones v. Henderson, 228 Ala. 273, 153 So. 214; Casey et al. v. Sacks et al., 223 Ala. 147, 134 So. 851.

The statute conferring jurisdiction on the circuit court to entertain partition proceedings provides that "the court in exercising its jurisdiction shall proceed according to its own practices in equity cases." Code of 1940, Title 47, § 186. And in order to maintain such bill in equity for partition the party complaining must have title to the land or a perfect equity in an interest in the land. The mere assertion of a claim without allegations showing title or such perfect equity will not confer jurisdiction on the court to decree partition. Phillips et al. v. Smith, 214 Ala. 382, 107 So. 841.

The grounds of demurrer noted above, and probably others, were well taken.

The complainants were given ample opportunity to amend their bill and the decree sustaining the demurrer and dismissing the bill is free from error. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.