34 So.2d 13

**BREWER et al. v. BREWER.**

**8 Div. 398.**

Supreme Court of Alabama.

Feb. 19, 1948.

Brown, Scott & Dawson and Joe M. Dawson, all of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Jackson County, in equity, overruling demurrer to a bill for sale of land for division.

In a bill of this kind, the averment that the complainant and the six named respondents "are tenants in common in the following tract or parcel of land situated in Jackson County, Alabama, each of whom owns an undivided one-seventh interest in the same," sufficiently sets forth the interest of the parties. How the respective interests were acquired and muniments of title are matters of evidence. Vest v. Wilson, 223 Ala. 414, 136 So. 730, and cases there cited.

The only other insistence made in brief of counsel for appellants is that there is no equity in the bill and that the grounds of demurrer taking that point should have been sustained.

In paragraph 2 of the bill it is alleged "that said land cannot be equally or equitably partitioned or divided in kind between the parties to this suit, without a sale thereof." This averment, together with the averments showing that all the tenants in common are parties to the suit, and the interest of each, are sufficient to give the bill equity. Williams et al. v. Anthony et al., 219 Ala. 98, 121 So. 89.

The bill is not deprived of its equity because it prays in effect that the court appoint a competent surveyor or engineer to subdivide a portion of the property into lots and blocks and that the portion of the land so subdivided be sold separately.

If on final hearing the court is convinced that the land cannot be equitably partitioned or divided in kind, it is the duty of the court to have the land sold in such manner as will produce the highest possible sum for distribution. The court has the authority to order that a portion of the land be subdivided into residential lots and blocks. and sold as such, if it is convinced upon a proper showing that such course would produce a higher figure than a sale of all the land as farm property. Such is the extent of the prayer of the bill.

The decree is affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.