34 So.2d 210

## CAMPBELL v. HODGE.

### 2 Div. 243.

Supreme Court of Alabama.

Feb. 26, 1948.

Arthur W. Stewart, of Marion, and Pitts & Pitts, of Selma, for appellant.

D. K. Mason, of Marion, and Wilkinson & Wilkinson, of Selma, for appellee.

294

BROWN, Justice.

The bill in this case.was filed by appellee against the appellant under § 186, Title 47, Code of 1940, for a sale of lands for division among the joint owners· and the point most strenuously urged by appellant as that the allegations of the bill do not show that complainant has such interest or ownership in the property as entitles her to maintain the bill seeking a sale for division or distribution.

The appeal is from an interlocutory decretal order overruling the defendant's demurrer to the bill as last amended.

The bill avers generally that the complainant and the said Leola Campbell, respondent, are the joint owners and tenants in common of the following described real estate situated in Perry County, Alabama, followed by a description of the land, consisting of 215 acres more or less. That the complainant "owns an undivided one-half interest in said real estate and in addition thereto is entitled to reimbursement for improvements made by her on the lands above described, as will more particularly hereinafter appear. That respondent, Leola Campbell, owns the other undivided one-half interest in said real estate subject to complainant's said right to reimbursement for the improvements made by her on said land.

"That said land can not be fairly and equitably divided or partitioned among the joint owners without a sale thereof."

The bill then ·avers that complainant acquired her undivided interest in said property by an instrument in writing, a copy of which is attached and made a part of the bill, said instrument being in form a warranty deed signed by the respondent and her husband with the form of an attached acknowledgment before a notary public but not signed by the notary, the bill averring that the notary's name was entered in the body of the certificate in her own handwriting. Embodied in this written instrument is the following:

"The real consideration for this conveyance is, that the grantor, Mrs. Leola Campbell, has invested $2,500.00 in the tract of land as down payment thereon, and the grantee, Mrs. Maggie Hodge, hereby agrees and contracts to erect buildings, and improvements on the land of equal value as the $2,500.00 down payment of the entire tract, and the grantor and grantee are to operate a dairy farm on the premises as equal partners in the venture, the deferred payments on said lands to be paid by both from the income from the farm and dairy. The land, when paid for, to be owned jointly by the grantor and grantee.

"The above described land is not the homestead of the grantors. This land is sold subject to the unpaid balance of the purchase price secured by mortgage to R. P. Hamilton."

Complainant alleges "that after said instrument was executed and delivered by Leola Campbell to your complainant, it was ascertained by the parties thereto, that the buildings and improvements mentioned in said instrument would cost $4500.00 instead of the $2500.00 set out in said instrument, and at the request of the said Leola Campbell, Respondent herein, your Complainant advanced the full $4500.00 in the construction of the buildings and improvements on said land, relying on the promise made by the Respondent that she would pay to your Complainant, one-half of the amount expended by her in excess of the $2500.00 specified in the instrument attached hereto. Your Complainant alleges that said improvements, consisting of the remodeling of a house and the construction of a barn on said lands have been completed, and that the Respondent, Leola Campbell, neglects, fails and refuses to pay your Complainant, one-half of such excess, and Complainant further alleges that after the lands above described be sold for partition or division among the joint owners thereof, then out of the proceeds of the sale of said land, the Complainant should be paid the sum of $2000.00, and in addition thereto one-half of the net proceeds derived from the sale of said land."

Complainant further alleges that "in accordance with the provisions of 'Exhibit A' hereto attached, she and said Respondent attempted to operate a dairy farm on

the lands above described, but your Complainant and said Respondent were unable to operate said dairy farm for that Complainant and said Respondent did not have the necessary funds to purchase dairy cattle or otherwise operate said dairy farm and they were unable to obtain a loan for such purpose, although, they attempted to do so, and Complainant further alleges that the attempt to operate this dairy venture was abandoned by the mutual consent of the parties hereto during the month of March, 1945, for the reasons hereinabove particularly alleged."

Pretermitting the contentions made by the appellant that said writing attached to and made a part of the bill is invalid as a conveyance of the legal title, it was sufficient to save the transaction from condemnation under the statute of frauds, and the full performance of the contract by the complainant, as alleged in the bill, was sufficient to vest in her a perfect equity. This is all that is necessary to sustain her right to maintain the bill under the statute cited above, § 186, Title 47, Code of 1940. Copeland v. Copeland, 242 Ala. 507, 7 So. 2d 87; Phillips v. Smith, 214 Ala. 382, 107 So. 841; Warner v. Warner, 248 Ala. 556, 28 So.2d. 701; Talley v. Talley, 248 Ala. 94, 26 So.2d 586; Endsley v. Darring, 249 Ala. 381, 31 So.2d 317.

The decree overruling the demurrer to the bill is free from error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.