44 So.2d 763

**HENSLEE v. WILLIAMS et al.**

6 Div. 946.

Supreme Court of Alabama.

March 2, 1950.

Kilpatrick & Entrekin and H. A. Entrekin, of Cullman, for appellant.

John H. Chapman and A. L. Sapp, of Cullman, for appellees.

SIMPSON, Justice.

Appeal from interlocutory decree overruling demurrer to bill in equity seeking to sell lands for division among joint owners and tenants in common.

The demurrer challenged the equity of the bill on the principal ground that the appellant, defendant below, who is alleged to own no interest in the land, is shown by the bill to be in possession and that from aught appearing the appellees, who filed the bill, are not shown to have such title as will support the bill. The proposition is untenable.

To maintain a bill for equitable partition or sale, the complaining party need only show a title or perfect equity in an interest in the lands. Copeland v. Copeland, 242 Ala. 507, 7 So.2d 87; Phillips v. Smith, 214 Ala. 382, 107 So. 841.

The bill sufficiently sets forth the requisite allegations, showing that the two parties plaintiff and all of the named defendants except appellant, who it is alleged has no interest in the property, are the joint owners and tenants in common of the described tract of land, each owning a proportionate stated interest therein and having acquired said interest from their deceased mother, who was the fee simple owner and who died seized and possessed thereof. This was a sufficient allegation for the maintenance of the bill. Brewer v. Brewer, 250 Ala. 222, 34 So.2d 13, and cases, supra.

The manner in which the respective interests of the parties to the bill were acquired and the muniments of title sustentive thereof are evidentiary matters and not necessary to be pleaded (Brewer v. Brewer, supra); and the fact that the deed is exhibited and made a part of the bill through which the tenants in common claim title in no way detracts from the equity of the bill.

Nor does the exhibiting of the deed through which the appellant claims title and possession of the property detract from the equity of the bill or vitiate the allegations essential to give the bill equity. The title of an adverse claimant in posses-

sion may be settled in a suit for sale for partition and a third party claiming or reputed to claim an interest in the land may be called upon to propound to the court whatever interest is claimed, the court having power to determine all such questions and to remove all clouds on title and determine all claims of cotenants or claimants. Grisham v. Grisham, 251 Ala. 340, 37 So. 2d 177; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

The foregoing suffices to demonstrate our view that the decree overruling the demurrer was well founded and consonant with the decisions in such cases.

Affirmed.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.