100 So.2d 331

Mary LAVENDER

v.

Cleo BALL et al.

6 Div. 871.

Supreme Court of Alabama.

Jan. 23, 1958.

Joseph G. Burns and Robt. V. Wooldridge, Jr., Tuscaloosa, for appellees.

GOODWYN, Justice.

Mary Lavender, appellant, filed a bill in the circuit court of Tuscaloosa County, in equity, against Moses Ball seeking a sale for division of two parcels of real property, it being alleged in the bill that each party owned an undivided one-half interest in the property. The bill also contains a prayer for general relief. Moses Ball died prior to trial of the suit and his heirs, the appellees, were substituted as parties. The substituted respondents, as had the original

Skidmore & Davidson, Tuscaloosa, for appellant.

respondent, filed an answer to the bill denying that complainant has any interest in the property. On the issue thus made by the pleadings, testimony was taken orally before the trial court. Thereafter a decree was rendered denying relief to complainant and holding that respondents are the joint owners of the property. This appeal is from that decree.

Although the bill does not disclose the basis of complainant's claim to an interest in the land, it is apparent from her testimony that she relies on an instrument purportedly executed by Moses Ball on November 7, 1949, in words and figures as follows:

"The State of Alabama ⎱ Bill of Sale
"Tuscaloosa County ⎰

"Know all men by these presents, that *Moses Ball* in consideration of *One Hundred* Dollars, to *him* paid by *Mary Lavender,* the receipt whereof is hereby acknowledged. do bargain, sell and deliver to said *Mary Lavender* the following goods and chattels, to-wit:

"*One half interest in all fixtures and stock in a certain store located on old Holt road, also all household furniture, also one half interest in my equity in all real estate held in my name, this being over and above mortgage on said real property.*

"Witness my hand and seal this *7th* day of *Nov., 1949.*

"Executed in the Presence of:
"_____ Moses Ball (LS)
"_____" [The portion italicized is typed in the printed form.]

The trial court in its decree made a finding that the foregoing "is not an instrument that should be enforced in a court of equity, as to the real estate described therein." Although the decree does not state the basis for such finding, we gather from the parties' oral arguments and briefs that it was considered inoperative for several reasons, viz: (1) It is neither witnessed

nor acknowledged; (2) it is in the form of a bill of sale of personal property and is inadequate for a conveyance of real property; and (3) the real property is insufficiently described. The question, then, is whether the instrument, for one or more of the stated reasons, is ineffectual to pass to complainant any interest in the land. Although it is clearly inoperative to pass the legal title, we entertain the view that it is not, on its face, insufficient to furnish the basis for an equitable interest in the land.

(1)

Code 1940, Tit. 47, § 22, provides that conveyances for the alienation of lands "must be attested by one witness, or, where the party cannot write, by two witnesses who are able to write, and who must write their names as witnesses." Section 24, Tit. 47, provides that an acknowledgment "operates as a compliance with the requisitions" of Section 22 "upon the subject of witnesses." Here, as already noted, the instrument was neither witnessed nor acknowledged. Accordingly, it was inefficacious to pass the legal title. Haisten v. Ziglar, 258 Ala. 554, 556, 64 So.2d 592; Golden v. Golden, 255 Ala. 187, 191, 54 So. 2d 460; Niehuss v. Ford, 251 Ala. 529, 531, 38 So.2d 484. However, "it is an established equitable doctrine that an instrument in writing, intended as a conveyance of lands, wanting in some essential element to pass the legal estate—as the attestation of a subscribing witness, or an acknowledgment of execution before an officer having authority to take and certify it, or a defective acknowledgment—will be regarded as an agreement to convey, and performance of it will be enforced" in equity. Haisten v. Ziglar, supra [258 Ala. 556, 64 So.2d 594]. See, also, Golden v. Golden, supra; Niehuss v. Ford, supra; Lowery v. May, 213 Ala. 66, 74, 104 So. 5; Bethea v. McCullough, 195 Ala. 480, 486, 70 So. 680; Branch v. Smith, 114 Ala. 463, 468, 21 So. 423; Roney v. Moss, 74 Ala. 390, 392; Goodlett v. Hansell, 66 Ala. 151, 159. In the last cited case it is said that "a court of equity, look-

ing beyond the forms of contracts, to the substance, and the ascertained intention of the parties, will cure the omission of a subscribing witness, and compel the conveyance of the legal estate."

(2)

■ Although a printed form of a "Bill of Sale" of personal property is used, it nevertheless contains apt words of conveyance of real property. Code 1940, Tit. 47, § 23; King v. Coffee, 222 Ala. 245, 246–247, 131 So. 792; Long v. Holden, 216 Ala. 81, 83, 84, 112 So. 444, 52 A.L.R. 536; Cloud v. Dean, 212 Ala. 305, 307, 102 So. 437. See, Kelley v. Sutliff, 257 Ala. 371, 374–375, 59 So.2d 65.

(3)

■ We cannot agree that the description, on its face, is so indefinite as to render the instrument inoperative as a conveyance of real property. We think the description—"all real estate held in my name"—is capable of being made certain by parol proof and is, therefore, sufficient. Brown v. Huckabaa, 264 Ala. 660, 662, 89 So.2d 180; Hart v. Baptist Foundation of Alabama, 264 Ala. 632, 635, 88 So.2d 681; Spires v. Nix, 256 Ala. 642, 646, 57 So.2d 89; Aiken v. McMillan, 213 Ala. 494, 502, 106 So. 150; Wright v. Louisville & N. R. Co., 203 Ala. 118, 120, 82 So. 132; Holly v. Dinkins, 202 Ala. 477, 479, 80 So. 861; Hamilton v. Stone, 202 Ala. 468, 469, 80 So. 852; Nolen v. Henry, 190 Ala. 540, 544–545, 68 So. 500, Ann.Cas.1917B, 792; Dinkins v. Latham, 154 Ala. 90, 99, 45 So. 60; Caston v. McCord, 130 Ala. 318, 321, 30 So. 431; Cottingham v. Hill, 119 Ala. 353, 354–355, 24 So. 552, 72 Am.St.Rep. 923; Webb v. Elyton Land Co., 105 Ala. 471, 478–479, 18 So. 178; Homan v. Stewart, 103 Ala. 644, 650, 16 So. 35; 26 C.J.S. Deeds § 30, pp. 640, 642, 643, 644, 645; 16 Am.Jur., Deeds, § 272, pp. 591, 592; Annotation, 55 A.L.R. 163; 8 R.C.L., Deeds, § 131, p. 1076; 6 Thompson on Real Property, § 3291, pp. 472–473.

■ The question arises as to whether a court of equity has power to decree a sale of land for division under Code 1940, Tit. 47, § 186, where the party seeking such relief has only an equitable interest in the real property. The answer is found in Copeland v. Copeland, 242 Ala. 507, 510, 7 So.2d 87, 89, where it is said:

"* * * [I]n order to maintain such bill in equity for partition the party complaining must have title to the land or a perfect equity in an interest in the land. The mere assertion of a claim without allegations showing title or such perfect equity will not confer jurisdiction on the court to decree partition. * * *"

See, also, Henslee v. Williams, 253 Ala. 363, 364, 44 So.2d 763; Campbell v. Hodge, 250 Ala. 293, 295, 34 So.2d 210; Phillips v. Smith, 214 Ala. 382, 107 So. 841.

■ Although the instrument is inartfully drawn, clearly showing that it was prepared by someone unacquainted with technical terms ordinarily used in conveyances, we think it shows, when taken as a whole, an intent to vest in Mary Lavender an undivided one-half interest in all the real estate then owned by Moses Ball, subject to any mortgage thereon, and also an undivided one-half interest in the personal property therein described.

From what we have said it follows that the decree appealed from is due to be reversed and the cause remanded.

Reversed and remanded.

LAWSON, SIMPSON and MERRILL, JJ., concur.