TORBERT, Chief Justice.
This is a quiet title action concerning the mineral interest in certain lands in Marion County. All evidence was submitted by stipulation. Both plaintiff AmSouth Bank and defendant Joseph C. Busken, Jr., as executor of the estate of Ernestine P. Vaughan, sought to quiet title to this mineral interest. The trial court held for Am-South and quieted title in the bank. Busk-en’s motion for new trial was overruled by operation of law, Rule 59.1, Ala.R.Civ.P., and he appealed.
Both AmSouth and Busken trace their respective titles back to Deepwater Coal and Iron Corporation. No taxes were paid on the mineral interest for the year 1926. Plaintiff introduced a 1934 deed from Hugh Morris to the First National Bank of Birmingham (now AmSouth) and a 1934 decree from the United States District Court for the Northern District of Alabama showing that Morris had been appointed receiver of Deepwater, with authorization to sell all of Deepwater’s assets and property.
Busken introduced a 1938 deed to the mineral interest from the State of Alabama to W.H. Bowlin (defendant’s predecessor in title) reciting that the Probate Court of Marion County had entered a decree for the sale of the mineral interest for non-payment of taxes on May 15, 1928, and that the mineral interest was sold on June 11, 1928, to the State of Alabama.
Neither party has developed the minerals, and thus neither party has been in actual possession of the minerals. See Shelton v. Wright, 439 So.2d 55, 57 (Ala.1983). Busken and his predecessors in title have paid taxes on the mineral interest since 1940. AmSouth and its predecessor in title have paid taxes on the mineral interest since 1942.
An action to quiet title under the Grove Act, Code 1975, § 6-6-560 et seq., may be commenced when any one of the following situations is shown to exist:
“(1) When the complainant is in the actual, peaceable possession of the lands.
“(2) When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
*233 “(3) When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, [has] held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
“(4) When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.”
Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1213 (Ala.1987) (quoting from Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810 (1965)); Shelton v. Wright, supra. From the evidence, it appears that AmSouth comes within situation (2) above. The issue before us is whether the trial court was correct when it held that AmSouth’s title was valid and that Busken’s title was not.
Two questions about AmSouth’s title must be resolved in order to determine whether AmSouth’s title is valid. The first question is whether the receiver’s deed from Morris to the First National Bank of Birmingham is valid. The second question is whether the “catch-all” conveyance clause in the receiver’s deed was sufficient to transfer this mineral interest.
As to the validity of the 1934 receiver’s deed, that deed recites that the sale had been made by the ancillary receiver of Deepwater Coal and Iron Corporation and that the sale had been confirmed by the United States District Court for the Northern District of Alabama. Normally, “the recitals of an ancient deed (free from suspicion) are prima facie evidence of the recited facts_” Lyons v. Taylor, 231 Ala. 600, 603, 166 So. 15, 17 (1936). A deed 30 years old, or older, is considered to be ancient. Stewart v. Peabody, 280 Ala. 5, 8, 189 So.2d 554, 557 (1966). This receiver’s deed is clearly ancient; however, a different rule applies to ancient deeds that purport to have been executed under judicial authority:
“However, where an instrument purports to have been executed by an executor, administrator, guardian, receiver, sheriff, constable, or other officer, under authority which in the ordinary course would appear from judicial or other public records, the instrument even though ancient is not admissible in evidence, nor is it to be regarded as having been effectual, as in the passing of title, unless record proof of the authority is produced if available.”
29 Am.Jur.2d Evidence § 858, at 959 (1967).
“The general rule is that, where a deed or other instrument which purports to have been executed by virtue of a power of attorney, or other power, is of such age as to be admissible as an ancient document, the existence of the power authorizing its execution will be presumed and need not be proved, unless the power is recorded so that the evidence is perpetuated, in which case the deed is not admissible without the production of the power, or an authenticated copy thereof, however ancient it may be....”
32A C.J.S. Evidence § 746, at 38 (1964).
Busken claims that AmSouth’s receiver’s deed is invalid because AmSouth did not produce evidence of judicial confirmation of the sale. It is clear that a receiver’s sale of property must be confirmed by the court overseeing the sale, but the question before us is what kind of record proof is needed in order to make a receiver’s deed admissible and effectual in a quiet title action. This Court has not yet addressed this question. The Texas Supreme Court appears to require an order confirming the sale. “A confirmation of the sale, or something from which a confirmation might be inferred, or at least something done by the purchaser giving him the right to have the sale confirmed, must have been shown to enable him to claim title under it.” Baumgarten v. Frost, 143 Tex. 533, 538, 186 S.W.2d 982, 985 (1945). However, other jurisdictions require only that when the deed purports to have been executed under a recorded power, the power must be shown. Fell v. Young, 63 Ill. 106, 110 *234 (1872); Butterfield v. Miller, 195 Fed. 200, 208 (6th Cir.1912); Wilson v. Snow, 228 U.S. 217, 221, 33 S.Ct. 487, 489, 57 L.Ed. 807 (1913). Further, the two excerpts above from American Jurisprudence 2d and Corpus Juris Secundum do not suggest the requirement of a confirmation order; they suggest only the requirement of a showing of the recorded power.
In this case, AmSouth did produce the court order that gave Morris the authority to transfer Deepwater’s assets, and the deed recites the confirmation of the sale. With such an independent source evidencing the receiver’s authority and the deed’s recital of the sale’s confirmation, we hold that this showing was sufficient to make the receiver’s deed admissible and effectual.
The receiver’s deed contains a long list of specifically described property that Morris transferred to the bank, and the subject mineral interest is not included in this list. However, the deed also included a “catch-all” clause that stated, “This instrument shall convey, whether fully or accurately described above or not, all of the property and assets and rights in property, of every kind and character, vested and contingent, of Deep Water Coal and Iron Corporation_” This Court has sanctioned the transferring of property by such “catch-all” clauses. “We think the description — ‘all real estate held in my name’ — is capable of being made certain by parol proof and is, therefore, sufficient.” Lavender v. Ball, 267 Ala. 104, 107, 100 So.2d 331, 333 (1958). Busken claims that Am-South had to prove that the subject property was included in the “catch-all” clause by making the description certain by parol evidence. There was no need for AmSouth to present such evidence, for both parties stipulated to the subject property’s description and to the respective chains of title back to Deepwater.
The next issue we must address is whether the tax deed that Busken claims through was valid, for if it was valid, .then the receiver of Deepwater would have had nothing to transfer to the bank in 1934, since the mineral interest was apparently sold for taxes in 1928. Being more than 30 years old, the 1938 tax deed is an ancient deed, and the recitals in it are prima facie evidence of those recited facts. Lyons v. Taylor, supra. The deed states that the Probate Court of Marion County entered a decree for sale of the mineral interest on May 15, 1928, and that the mineral interest was sold to the State on June 11, 1928. In Morris v. Mouchette, 240 Ala. 349, 350, 199 So. 516 (1940), this Court made it clear that “in a sale of lands for taxes great strictness is required and the provisions of the statute must be strictly pursued.” The revenue code of 1919 (Acts 1919, Act No. 328, § 250, at 356) (now Code 1975, § 40-10-12), specifically required that the tax collector give notice for 30 days before the day of sale for the payment of taxes. Busken claims that this section requires only three weeks’ notice, since it requires publication in a newspaper for three weeks and not for 30 days. The section says that the tax collector “shall give notice for 30 days before the day of sale, by publication for three successive weeks_” The 30-day notice period begins to run on the first day of publication of the notice of the upcoming sale; the tax collector must still wait 30 days before selling the property, but the statute requires publication only during the first three weeks of that 30-day period. See Morris v. Mouchette, supra. The tax deed recites that the tax sale occurred only 27 days after the decree for sale; the required 30 days’ notice could not have been given. Therefore, the tax sale to the State was invalid, and title to this mineral interest remained in Deepwater until it was transferred by Morris to the bank in 1934.
We have carefully examined the other issues raised by Busken and find them to be without merit.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.