CRAWLEY, Judge.
This case involves a dispute as to the ownership of certain real property which was originally owned by Benjamin F. Per *1141 kins (the “father”). Esther R. Schaeffer and Mary R. Burrage (who are the father’s daughters) sued Terry Maddox and other defendants, alleging that the daughters owned the real property and alleging that the defendants were trespassing upon the real property. The daughters sought damages for the trespass and a judgment declaring that they are the owners of the real property. Maddox and the other defendants are the trustees of the Hartline Assembly Church of God (the defendants will be collectively referred to as the “church”). The church meets in a building located on the disputed real property. The church counterclaimed, alleging that it has adversely possessed the real property upon which it meets and alleging that the daughters trespassed upon its real property. Both the daughters and the church claim title to the real property via deeds from the father. The daughters filed a motion for summary judgment, which the trial court denied.
The trial court submitted the issues of trespass and adverse possession to a jury. The trial court did not submit the daughters’ declaratory judgment to the jury. The jury returned a verdict finding that the church has title to the real property through adverse possession and that neither the church nor the daughters had trespassed on the real property. The trial court entered a judgment for the church based on the jury verdict and in favor of the church on the daughters’ declaratory-judgment claim. The daughters filed a motion for a new trial, which the trial court denied. The daughters appealed to the Supreme Court which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
The father built a church building on his real property in 1963. In 1968, he deeded less than one acre of his land to The (Original) Church of God; this is the land at issue in this case. In 1972, the father, Maddox, and other persons incorporated the Hartline Assembly Church of God. In 1975, the father conveyed his real property to his daughters, reserving a life estate. In 1976, as a result of a lawsuit, The (Original) Church of God conveyed back to the father the land the father had deeded to it in 1968. In 1978, the father deeded this land to the church. The father died in 1993.
The daughters first argue that the court erred by submitting to the jury the issue whether the church had adversely possessed the property. In order for the church, a coterminous landowner, to prove adverse possession it must prove “open, notorious, hostile, continuous, and exclusive possession for ... 10 years.” Moss v. Woodrow Reynolds & Son Timber Co., 592 So.2d 1029, 1030 (Ala.1992).
We agree with the daughters that, as a matter of law, the church could not have adversely possessed for at least 10 years. The earliest the daughters would have received fee simple title was 1993, when their father died. According to the daughters, the father deeded them all of his real estate, including the disputed property, in 1975, subject to his life estate. One cannot adversely possess against a remainderman. Sims v. Sims, 502 So.2d 722 (Ala.1987). Therefore, at the earliest, the church could have begun to adversely possess the property against the daughters in 1993 — less than 10 years ago. Therefore, the trial court erred by submitting the issue of adverse possession to the jury. As will be stated in more detail below, we conclude that the trial court properly interpreted the deeds at issue and properly found that the church had title to the property via the 1978 deed. Therefore, the trial court’s submission of the adverse-possession issue was harmless error.
*1142 We next address the daughters’ argument that the trial court erred by finding for the church on their declaratory-judgment claim. The daughters argue that the trial court incorrectly interpreted the 1975 deed. The church claims that it received title by the 1978 deed. The daughters argue that they received title by the 1975 deed. Following the description of the property, the 1975 deed contains an additional typed phrase that states: “It Agreed By Both Seller & Buyer That The Lot For The Church Is to Be Taken Off This, Land.” The father signed under that phrase. The church contends that this phrase is to be construed as removing the disputed property from the property deeded to the daughters. The daughters argue that the phrase is not valid.
The daughters first argue that the exclusion in the 1975 deed is void as being an uncertain description of the property excluded from the deed. A deed description reading “all real estate held in my name” was held not to be “so indefinite as to render the instrument inoperative as a conveyance of real property.” Lavender v. Ball, 267 Ala. 104, 107, 100 So.2d 331, 333 (1958). The court in Lavender concluded that such a description was “capable of being made certain by parol proof and [that it] is, therefore, sufficient.” Id. (restating a well-settled rule of law as shown by cases cited in the opinion).
We conclude that the description “The Lot For The Church” is also possible of being made certain through parol evidence. The area of the disputed property is not disputed; merely the ownership is disputed. The record contains much evidence regarding the location and size of the disputed property. Therefore, we conclude that the description is not so uncertain as to void the exclusion.
The daughters also argue that the description violates Ala.Code 1975, § 35-4-20, which requires that a conveyance of real property be in writing, signed by the parties and two witnesses. The daughters argue that the exclusion does not satisfy these requirements because it is signed only by the father and was not witnessed. We conclude that § 35-4-20 does not apply here, because the exclusion itself is not a deed but is merely a part of a deed; more specifically, the exclusion is part of the description of the property.
The daughters apparently further argue that the exclusion was either forged or added at a later date without their knowledge. Our supreme court has held that in order for a person attacking the validity of a deed to prove that a deed has been forged, that person must present “clear and convincing evidence reaching a high degree of certainty, leaving no doubt as to the truthfulness of such fact.” Briggs v. Glass, 420 So.2d 46, 48 (Ala.1982).
The deed references an attachment for the description of the property. The exclusion follows the description and is signed “Benjamin F. Perkins.” The daughters argue that the exclusion was not part of the original deed and was added at a later date. The daughters emphasize that the father’s signature on the first page of the deed is “B.F. Perkins” while the signature following the exclusion is “Benjamin F. Perkins.” We conclude that the daughters did not present clear and convincing evidence indicating that the exclusion was forged.
The daughters also argue that the exclusion violates the Rule Against Perpe-tuities, Ala.Code 1975, § 35-4-4, and the rule against making a reservation in favor of a stranger to the title, as stated in James v. Bell, 419 So.2d 251 (Ala.Civ.App.1982). We conclude that neither of these principles is implicated by the exclusion, *1143 and thus that neither of them affects its validity.
The church contends that the daughters never had title to the property, because it says, the father deeded his property to the daughters in 1975, and it was not until 1976 that the father, after litigation against The (Original) Church of God, received title to the disputed property. The daughters argue that application of the “doctrine of after-acquired property” supports a legal conclusion that they have title to the disputed property.
Our supreme court has discussed the doctrine of after-acquired title:
“It is well-settled in Alabama that if a grantor of real property having lesser title than he assumed to grant subsequently acquires the title or estate that he purported to convey, such after-acquired title inures to the benefit of the grantee or his successors by way of estoppel of the grantor or those claiming under him.”
Harkins & Co. v. Lewis, 535 So.2d 104, 113 (Ala.1988).
The daughters argue that the father intended to convey to them all of his property, including the church property, in 1975. The daughters reason that when the father was successful in his litigation against The (Original) Church of God and again obtained title to the church property in 1976, then the doctrine of after-acquired title operated to give them title to the church property. The daughters’ argument concludes that, in 1978, the only thing the father conveyed to the church was the remainder of his life estate, which ceased in 1993 when he died.
The church contends that the doctrine of after-acquired title does not apply in this case. We agree. One of the essential elements of the doctrine is that the grantor intended to convey a greater estate than he owned at the time of the conveyance. 535 So.2d at 118. We have already concluded that the phrase excluding the church property from the 1975 conveyance to the daughters is valid; therefore, the father had no intention in 1975 of deeding any interest he had yet to receive in the church property.
Because we conclude that the trial court properly found that the exclusion of the church property from the father’s deed to the daughters was valid and that the father did not intend to convey the church property to the daughters, the trial court properly found that the church received title to the property in 1978. Therefore, the trial court properly held for the church on the daughters’ declaratory-judgment claim.
The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.