MADDOX, Justice.
This case involves a boundary line dispute and an adverse possession claim.
The plaintiff, Mrs. Mickle, inherited a parcel of land in 1973; the land had been owned by her ancestors for many years before this controversy arose. The defendants, Mr. and Mrs. Gunn, acquired their fee simple interest in 1960 by inter vivos transfer. The two parcels are coterminous, the southern boundary of the Gunns’ tract being the northern boundary of Mrs. Mickle’s tract.
In 1984, Mrs. Mickle filed for injunctive relief in the Blount County Circuit Court, alleging that the defendants were building a fence on their southern boundary which encroached on her land. The defendants in their answer alleged that the property in question belonged to them based on their warranty deed and a survey, or, in the alternative, that they had acquired ownership by adverse possession.
The case was tried ore tenus. The trial court withheld decision pending an on-site inspection. After viewing the disputed strip, the court ruled that the plaintiff’s survey was correct, that by deed the disputed property belonged to the plaintiff, and that the defendants had failed to produce evidence sufficient to prove their adverse possession claim.
Appellants claim that the trial court should have found that they had title by adverse possession. As they correctly state in their brief, in an adverse possession case involving coterminous landowners the claimant must prove actual possession of the disputed strip under a claim of right, openly and exclusively, for a continuous *467 period of ten (10) years. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971). This proof constitutes essentially the same as that traditionally required for adverse possession — proof of open, notorious, hostile, continuous, and exclusive possession for the requisite period of time. Cockrell v. Kelley, 428 So.2d 622 (Ala.1983). Claimants bear a substantial burden in proving these elements.
Appellants in their brief cite extensively to the record, directing this Court’s attention to facts which, they claim, demonstrate that the trial court’s decision was plainly incorrect. Our review of the evidence is, however, somewhat limited, because the case was tried orally to the judge, and in such cases, we look only for some credible evidence to support the court’s ruling. As this Court stated in another adverse possession case:
“Of course, any time a trial court has heard evidence presented ore tenus and resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust. Evidence in adverse possession cases is especially difficult to weigh from the vantage point of an appellate court. Witnesses often testify with reference to exhibits and make gestures not capable of preservation in the record.... The presumption of correctness normally attending findings in an ore tenus case is, therefore, especially strong in adverse possession cases. Where the trial court makes findings of fact in order to establish a land line, the court’s findings will be sustained if there is any credible evidence to support the findings. Pinson v. Veach, 388 So.2d 964, 968 (Ala.1980).”
Scarbrough v. Smith, 445 So.2d 553, 555-56 (Ala.1984). Further, when the court has visited the disputed property to aid in its determination, its judgment is especially persuasive due to the limited evidence available in an appellate record. Smith v. Smith, 482 So.2d 1172 (Ala.1985).
The appellants’ brief cites us to portions of the record which would probably be sufficient to sustain a ruling by the trial court in their favor; however, we also find sufficient credible evidence to support Judge NeSmith’s ruling for the plaintiff.
The record shows that the defendants never fenced the disputed strip. While they did set some posts along the disputed line, those posts were too far apart to be used as fenceposts; this litigation was begun promptly when the defendants began completing the fencerow. The defendants never cut substantial timber from the strip, although they claim to have cut firewood there. They planted a garden, but the record appears to show that it merely abutted the strip. The defendants built a rustic picnic table on the strip, but there is evidence that the plaintiff’s children used it as well. The defendants admittedly never told the plaintiff’s family not to use the table because the land belonged to them, and they eventually let the table fall into disrepair. Finally, there is evidence that the plaintiff’s son frequented the property, and that evidence is sufficient to warrant a conclusion by Judge NeSmith that his use included the disputed strip.
In light of the foregoing, and mindful of the scope of review in ore tenus cases, we cannot say that the judgment of the court below is plainly or palpably wrong, nor that it is manifestly unjust. For that reason, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.