This case between coterminous landowners involves a claim of adverse possession. We affirm.
The issue is whether the evidence was sufficient to support a finding that Edgar Moss, the defendant, satisfied the elements of adverse possession necessary to acquire title to a disputed 20-acre tract of land. *Page 1030 
Woodrow Reynolds and Son Timber Company, Inc. ("Reynolds"), acquired, by deed, title to the disputed 20-acre parcel of land from Ellis Jordan. This property is described by deed as:
 "E 1/2 of SE 1/4 of NW 1/4, Section 14, Township 6 North, Range 3 West, Washington County, Alabama containing 20 acres, more or less."
On January 1, 1989, an action was initiated against Edgar Moss to determine the ownership of this 20-acre parcel. Reynolds later intervened as a real party in interest. The evidence in this case indicates that Mr. Jordan had been in the habit of allowing others to use his land and that he had previously given Moss permission to graze his cows on the disputed 20 acres. In 1956, Moss was given permission, by Jordan, to fence approximately 13 acres of the disputed parcel. Numerous witnesses testified that, to their knowledge, the land belonged to Jordan and that they had had no knowledge of any claim to the land by Moss until after Jordan's death in 1984.
After Jordan's death, his property was surveyed and marked by Fletcher Schell. Moss never challenged Schell's right to survey and mark the property on behalf of the Jordan estate and made no mention to Schell of any claim he had to the property. Furthermore, Moss and his sons entered into hunting leases with Reynolds's predecessors for lands including the disputed acreage, during the time period of 1984-1988.
The jury returned a verdict for Reynolds, and the trial court denied Moss's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial.
Adverse possession between coterminous landowners requires open, notorious, hostile, continuous, and exclusive possession for only 10 years. Hodge v. Snider, 495 So.2d 539, 540 (Ala. 1986), quoting Tidwell v. Strickler, 457 So.2d 365 (Ala. 1984).
 "[T]here are basically two types of adverse possession; statutory adverse possession, and adverse possession by prescription. Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise."
Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984).
We have previously set out the standard of review applicable in cases involving claims of adverse possession presented by ore tenus evidence:
 " 'When evidence is presented ore tenus in a boundary line dispute, the trial court's judgment establishing the boundary is presumed correct and need only be supported by credible evidence. Hodge v. Snider, 495 So.2d 539 (Ala. 1986). The ore tenus rule, which on appeal accords a presumption of correctness to a trial court's findings, is particularly strong in boundary line disputes and adverse possession cases. . . .' "
Sashinger v. Wynn, 571 So.2d 1065, 1066 (Ala. 1990), quotingBell v. Jackson, 530 So.2d 42, 44 (Ala. 1988).
In the trial of an adverse possession claim, witnesses often refer to maps, making gestures and implications that the trial record is unable to reflect. See Gunn v. Mickle, 501 So.2d 466,467 (Ala. 1986), and Pinson v. Veach, 388 So.2d 964, 968 (Ala. 1980). Therefore, because the appellate court has only the trial record to reflect the testimony that was given at trial, the discretion of the trial judge must be heavily relied upon.
There is no dispute that record title to the land is with Reynolds and that Moss has used the disputed parcel since around 1956. The question presented is whether Moss's possession ripened into ownership. In order to acquire the 20 acres by adverse possession, Moss had the burden of proving that his possession was actual, exclusive, open, notorious, and hostile for at least 10 years. *Page 1031 
Generally, possession of land entered into with permission of the owner will not ripen into title. Wallace v. Putman,495 So.2d 1072, 1076 (Ala. 1986); Howell v. Bradford,570 So.2d 643, 645 (Ala. 1990). However, in a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement, possession for 10 years, or by adverse possession. Kerlin v. Tensaw Land Timber Co.,390 So.2d 616, 618 (Ala. 1980); Wallace v. Putman, 495 So.2d 1072,1076 (Ala. 1986). In order to change possession from permissive to adverse, the possessor must make a clear and positive disclaimer or repudiation of the true owner's title. The possessor must give the true owner actual notice of such disavowal, or he must manifest acts or make a declaration of adverseness so notorious that actual notice will be presumed.Enterprise Lodge No. 352 of the Knights of Pythias, Inc. v.First Baptist Church (Colored) of Evergreen, 292 Ala. 579, 581,298 So.2d 17, 19 (1974): Calhoun v. Smith, 387 So.2d 821, 824
(Ala. 1980); Marino v. Smith, 454 So.2d 1380, 1382 (Ala. 1984).
Moss contends that the fence that he erected satisfies the elements of adverse possession. Although a fence is normally an "outstanding symbol of possession," Cockrell v. Kelley,428 So.2d 622, 624 (Ala. 1983), the record in this case indicates that Moss occupied the land and constructed a fence on the disputed 20 acres with the express permission of Jordan.
There is nothing to indicate that Moss even made a claim to the property until after the death, in 1984, of Ellis Jordan, the previous owner. There is no record that Moss was ever given a deed or that he paid taxes on the property. On the contrary, Moss disavowed ownership of the property when he and his sons leased the property from Reynolds's predecessor in interest for hunting purposes.
The trial court found that Moss's possession had not been hostile but had been with the permission of the landowner. There was evidence to support that finding. Therefore, Moss failed to establish the elements necessary to prove that his possession of the disputed property was adverse.
Having reviewed the testimony in the record, we conclude that there was credible evidence to support the jury's verdict as well as the judge's denial of a judgment notwithstanding the verdict and denial of a new trial. Moss failed to demonstrate the requirements of actual, exclusive, open, notorious, and hostile possession for a period of at least 10 years.
We, therefore, affirm the trial court's judgment denying Moss's claim to the disputed 20 acres under the theory of adverse possession.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.