COBB, Chief Justice
(dissenting as to case no. 1071195 and concurring in part and dissenting in part as to case no. 1071204).
I dissent as to Part I of the Court’s opinion holding that the trial court’s certification of finality under Rule 54(b), Ala. R. Civ. P., was invalid as to the land that that *163 court did not award to the heirs of Laren-da Jenkins. Further, I would affirm the trial court’s order awarding that portion of the property to the plaintiffs.

I. Applicability of Rule 51(b)

Rule 54(b), Ala. R. Civ. P., states:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”[21]
“A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001) (citing City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981)). “[T]he test of finality should look for effective conclusion of a discrete and important part of the overall litigation. No more exact test should be asked.” 15B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice & Procedure Jurisdiction § 3915.2 (2d ed.1992) (footnote omitted). That test is met in this case.
The trial court’s order completely disposed of all the rights and liabilities of the defendants as to the portions of the property that were not leased to third parties by the heirs of Estelle Haggerty Alexander and Larenda Jenkins. Although additional proceedings will continue in the trial court to resolve the plaintiffs’ competing claims against each other with regard to that land, the trial court’s order clearly and unambiguously found that the defendants have no valid claim to that property.
Before trial, the Greens filed an amended complaint that excluded Cottrell and *164 contained a claim that they alone had adversely possessed the property. Cottrell does not dispute the trial court’s finding that the Greens adversely possessed the property, nor does she make any assertion that, if proven, could defeat the plaintiffs’ quiet-title claims by rendering the plaintiffs’ possession “scrambling.” Cottrell’s only remaining contention, reflected in her own amended pleading as well as in her arguments to this Court, is that the Greens adversely possessed the property as her agents. This dispute between Cott-rell and the Greens is the sole remaining issue. If Cottrell prevails, she will presumably be entitled to some portion of the property to which the Greens now claim exclusive ownership; if not, the Greens will presumably own the property as against all others, including Cottrell. Under the circumstances, the remaining proceedings pose no risk of results inconsistent with the disposition of this appeal. Cf. Palmer v. Resolution Trust Corp., 613 So.2d 373, 376 (Ala.1993) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)) (holding that Rule 54(b) was not intended to cover a situation where “‘the issues in the two claims in [the] case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results’ ”).
My conclusion that Rule 54(b) certification was appropriate does not violate our well established principles that “[a] claim is not eligible for Rule 54(b) certification unless it has been completely resolved by the judgment” and that “a claim for which damages are sought is insufficiently adjudicated for Rule 54(b) purposes until the element of damages is resolved; a judgment resolving only liability in an action seeking damages cannot be certified as final pursuant to Rule 54(b). Tanner v. Alabama Power Co., 617 So.2d 656 (Ala.1993).” Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361-62 (Ala.2004).
These principles are consistently triggered when an appeal is taken from a certified order that finds one or more parties liable, but reserves the determination of damages for later proceedings. See, e.g., Dzwonkowski, 892 So.2d 354; Tanner v. Alabama Power Co., 617 So.2d 656 (Ala. 1993); and McGowin Inv. Co. v. Johnstone, 291 Ala. 714, 715-16, 287 So.2d 835, 835-36 (1973); see also Strey v. Hunt Int’l Res. Corp., 696 F.2d 87 (10th Cir.1982); and Wright, Miller & Cooper, supra, § 3915.2. Such an order completely disposes of neither a claim (because damages remain to be determined) nor a party (because the party or parties found “liable” must later return to the trial court for a determination the extent of that liability). Although our cases have generally focused on the fact that such orders leave claims partially adjudicated, we have consistently recognized that, to be eligible for certification as a final judgment pursuant to Rule 54(b), an order must dispose of “one or more ... of the claims or parties.” Rule 54(b), Ala. R. Civ. P. (emphasis added); see, e.g., Tanner, 617 So.2d at 656-57.
Here, however, although the plaintiffs’ competing claims to some of the property have yet to be determined, the rights and liabilities of one or more parties — the defendants — have been completely resolved by the trial court’s order. See Tanner, 617 So.2d at 656 (“The sine qua non of the rule’s applicability is the existence of multiple parties or claims. The rule confers appellate jurisdiction over an order of judgment only where the trial court ‘has completely disposed of one of a number of claims, or one of multiple parties.’ Rule 54(b), committee comments (emphasis [in Tanner]).”). The defendants’ rights and liabilities will be wholly unaffected by the resolution of any remaining claim or issue, and no further proceeding in this action will require their participation as litigants. *165 Therefore, the trial court’s order qualifies for Rule 54(b) certification. Rule 54(b), Ala. R. Civ. P. (“[T]he [trial] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties.” (emphasis added)).
This conclusion is consistent not only with the express wording of Rule 54(b), but also with the spirit of the Alabama Rules of Civil Procedure: “These rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.” Rule 1(c), Ala. R. Civ. P. The facts of this case are unusually complex, requiring proof as to a series of events that stretch back more than 40 years. No doubt the trial court’s certification of its order as final “as to the Defendants” simplifies the action and increases the efficiency with which justice may be dispensed in this case.

II. The Merits

It is undisputed that the plaintiffs initially occupied the property that was the subject of the complaint with the permission of Estelle Haggerty Alexander, who owned the property before her death. Therefore, to prevail on their theory that they acquired the property by adverse possession, the plaintiffs were required to show that, after their initial permissive occupation of the property, they made a “clear and positive disclaimer or repudiation” of the record owner’s title. Moss v. Woodrow Reynolds & Son Timber Co., 592 So.2d 1029, 1031 (Ala.1992) (“In order to change possession from permissive to adverse, the possessor must make a clear and positive disclaimer or repudiation of the true owner’s title. The possessor must give the true owner actual notice of such disavowal, or he must manifest acts or make a declaration of adverseness so notorious that actual notice will be presumed.”).
The trial court, after hearing ore tenus evidence, held that the plaintiffs had adversely possessed all but those portions of the property that had been leased by the administrators of the estates of Estelle Haggerty Alexander and Larenda Jenkins. In so holding, the trial court did not make an express finding on the record that the plaintiffs had clearly and positively repudiated the record owner’s title. When evidence is taken ore tenus and the trial judge makes no express findings of fact, this Court will assume that the trial judge made those findings necessary to support the judgment. Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992). Therefore, we must assume the trial court found that the plaintiffs made a timely “clear and positive disclaimer or repudiation” of the record owner’s title. Further, under the ore ten-us standard of review, we must affirm the trial court’s judgment if, under any reasonable aspect of the testimony, there is credible evidence to support such a finding. See id.
Viewed in the light most favorable to the trial court’s judgment, the evidence, in its totality, supports the finding that the plaintiffs “manifest[ed] acts [and] ma[d]e a declaration of adverseness so notorious” that actual notice of a disavowal of the record owner’s title will be presumed. Moss, 592 So.2d at 1031. In 1965, Cottrell and Johnny Alexander, Sr., filed a complaint, alleging that, during her lifetime, Estelle had purchased 100 acres of the land for their benefit and that, at the time of Estelle’s death, the property was being held in a constructive trust for them. Competing inferences may be drawn from the existence of the action and the fact that the 1965 action was dismissed for lack of prosecution. However, a finder of fact could reasonably conclude that the action manifested a disavowal of the record owner’s title sufficient to notify the record *166 owner that Cottrell and Johnny Sr. did not recognize the validity of the record owner’s title to at least 100 acres of the property.
In addition, the plaintiffs used the property in whatever manner they pleased without accounting to anyone for their use of it and without paying rent. They lived on the property for several generations, maintained improvements on it, cultivated portions of it, drew water from it, kept domestic livestock on it, cut timber on it, cut firewood on it, hunted on it, fished on it, operated a business on it, and buried their dead on it. Until shortly before the trial of this case, a number of the plaintiffs believed themselves to be, and openly held themselves out to be, the grandchildren and heirs of Estelle Haggerty Alexander.
One could reasonably conclude from the evidence that the plaintiffs clearly and openly held themselves out to be the rightful owners of the property, not merely permissive users. Further, one could reasonably conclude that the record owners had actual notice of the plaintiffs’ claim of ownership, or that the plaintiffs’ claim of ownership was so open and notorious that actual notice of the plaintiffs’ claim could reasonably be imputed to the record owners. See Moss, supra.
Accordingly, the Court of Civil Appeals erred in reversing the trial court’s judgment after reweighing the evidence and concluding that the plaintiffs had not made a “clear and positive disclaimer or repudiation” of the record owner’s title. Transamerica, 608 So.2d at 378 (quoting Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 13 (Ala.1989), and citing Norman v. Schwartz, 594 So.2d 45 (Ala.1991)) (stating that, in cases where evidence is presented ore tenus, the trial court’s judgment must be affirmed “‘if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment’ ”).

III. Conclusion

For these reasons, I respectfully dissent from that portion of the Court’s opinion holding that Rule 54(b) is inapplicable to that portion of the trial court’s order holding that the defendants were not entitled to the land that had not been leased. I would affirm that portion of the trial court’s order. In all other respects, I concur.

.
"Despite its apparently broad scope, Rule 54(b) [, Fed.R.Civ.P.,] may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions. The rule itself sets forth three basic conditions on its applicability. The first requirement is that either multiple claims for relief or multiple parties be involved. If there are multiple parties, there need only be one claim in the action. Of course, all of the rights or liabilities of one or more of the parties regarding that claim must have been fully adjudicated. A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)....
[[Image here]]
"The second prerequisite for invoking Rule 54(b) is that at least one claim or the rights and liabilities of at least one party must be finally decided....
"The third prerequisite to the issuance of a Rule 54(b) certificate is that the court must find that there is no just reason for delaying an appeal....”
10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure Jurisdiction § 2656 (3d ed. 1198) (footnotes omitted; emphasis added). Each of these requirements is met in this case.