MOORE, Judge.
This is the second time this land dispute, which involves a total of 6 parcels; which collectively total between 270 and 280 acres located in Elmore County, -has been before this court. See Stokes v. Cottrell, 58 So.3d 123 (Ala.Civ.App.2008) (“Stokes I ”), judgmént vacated in part, writ quashed in part, and cause remanded with instructions by Ex parte Green, 58 So.3d 135 (Ala.2010). The complex procedural and factual history of this case is set forth in this court’s opinion in Stokes I and in the supreme court’s opinion in Ex parte Green and will not be restated here, We state only those facts necessary for an understanding of these present .appeals and to resolve the specific issues presented.
In April 2007, the Elmore Circuit Court (“the trial court”) .entered a judgment quieting title to three of the six parcels, which previously had been owned by Estelle Haggerty Alexander, in “the heirs of Larenda Jenkins,” through whom Frank Stokes, Jr., claimed title. (The three parcels awarded to the heirs of Larenda Jenkins in April 2007 are hereinafter referred to as “the farmed parcels.”) The trial court also purported to quiet title to the remaining three parcels (hereinafter referred to as “the three parcels”) in the heirs of Johnny Alexander, Sr. (“Johnny Sr.”), who were identified as Johnnie Mae Alexander Green, Lillie Robinson, Oscar C. Alexander, Bertha Mae Humphrey, Shirley. Alexander, Cathy Alexander, Johnny Alexander, Jr., and Althea Alexander (hereinafter referred to collectively as “the Alexander plaintiffs!’).and, E’Stella Alexander Webb Cottrell.[1] Although the Alexander plaintiffs disputed whether Cottrell was entitled to any interest in the property, the trial court .certified its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P., without resolving that dispute, finding the judgment appropriate for appellate review.
Stokes appealed from that portion of the trial court’s judgment awarding the three parcels to the Alexander plaintiffs and Cottrell. Cottrell and the Alexander plaintiffs separately cross-appealed, challenging that portion of the trial court’s judgment' awarding the farmed parcels to the heirs of Larenda Jenkins.
In Stokes I, supra, this court affirmed the trial court’s judgment in part and reversed it in part. We concluded that title to all six parcels had passed through intestate succession to the heirs of Larenda Jenkins uppn Jenkins’s death and that the Alexander plaintiffs and Cottrell had failed to present the evidence necessary to establish superior title to any of the property; we also concluded that the Alexander plaintiffs and Cottrell, had failed to obtain title through adverse possession. 58 So.3d *658 at 131-34.. We, therefore, affirmed the trial court’s judgment to the extent it quieted title to the three farmed parcels in Stokes, as an heir of Larenda Jenkins; we reversed the trial court’s judgment to the extent it purported to quiet title to the three parcels in the Alexander plaintiffs and Cottrell. 58 So.3d at 134.
The Alexander plaintiffs and Cottrell then petitioned the Alabama Supreme Court for certiorari review of that portion of this court’s decision in Stokes I reversing the portion of the trial court’s judgment quieting title to the three parcels in them; See Ex parte Green, supra. The supreme court concluded that the trial court’s judgment, insofar as it quieted title to the three parcels in the Alexander plaintiffs and Cottrell, was not a final judgment because it had not fully resolved their competing claims to the property. 58 So.3d at 144-46. The supreme court thus vacated the judgment of this court in Stokes I to the extent it reversed the trial court’s judgment quieting title to the three parcels in the Alexander plaintiffs and Cott-rell; the supreme court remanded the cause to this court with instructions that we enter a judgment dismissing the appeal in part with instructions to the trial court that it vacate its Rule 54(b) certification of its judgment as to the three parcels it had awarded to the Alexander plaintiffs and Cottrell and that it address the remaining issues. Id.
Although Cottrell had also petitioned the supreme court for certiorari review as to that portion of this' court’s decision in Stokes I affirming the trial court’s judgment awarding the farmed parcels to the heirs of Larenda Jenkins, the supreme court quashed its writ granting Cottrell’s petition as to that aspect of our decision because, it concluded, Cottrell had not had standing to maintain her quiet-title action, which she had asserted pursuant, to Ala. Code 1975, § 6-6-560. Id. at 149.
In compliance with the supreme court’s instructions, this court, on' remand, dismissed in part the appeal and the cross-appeals and remanded the cause to the trial court with instructions to vacate its Rule 54(b) certification of its judgment as to-the three parcels it had awarded to the Alexander plaintiffs and Cottrell and to address the remaining issues. Stokes v. Cottrell, 58 So.3d 166, 167 (Ala.Civ.App.2010) (“Stokes II ”).
On remand, the trial court conducted an evidentiary hearing to address the unadju-dicated claims between the Alexander plaintiffs and Cottrell. On May 21, 2011, the trial court entered a judgment finding that the Alexander plaintiffs and Cottrell had established title to the, three parcels through adverse possession; the trial court found that, although Cottrell had moved away from the property in 1965, the Alexander plaintiffs had occupied the,property in a “joint enterprise” with her and,,thus, that Cottrell and the Alexander plaintiffs had acquired title to the three parcels through adverse possession. In its judgment, the trial court also stated:
• “1. The court reaffirms and incorporates herein the findings and holdings of its order entered April 26, 2007, in this case, - except as specifically modified herein.
“2. Of that land awarded to [the Alexander plaintiffs and Cottrell] in this court’s order of April- 26, 2007, Cottrell is hereby awarded 50% of such land and is entitled to a judgment quieting title in her as a 50% owner of said property.
“3. Of that land awarded to [the Alexander plaintiffs and Cottrell] in this court’s order of April 26,2007, the [Alexander plaintiffs] are hereby awarded 50% of such land and are entitled to á *659 judgment quieting title in them collectively as 50% owners of said property.”
In appeal no. 2100920, the Alexander plaintiffs appeal from the trial court's judgment on remand to the extent it awarded Cott-rell a 50% interest in the three parcels. In appeal no. 2101086, Stokes appeals from that same judgment to the extent it awarded any interest in the three parcels to either the Alexander plaintiffs or to Cott-rell.[2] The appeals have been consolidated by this court ex mero motu.
We first address the issues raised in Stokes’s appeal, appeal no. 2101086, because, if successful, it will render consideration of the Alexander plaintiffs’ appeal moot. Stokes challenges the trial court’s judgment on remand to the extent it vests title to the three parcels in either the Alexander plaintiffs or Cottrell. Stokes asserts that he, on behalf of the heirs of Larenda Jenkins, established superior title to the three parcels and that the Alexander plaintiffs and Cottrell failed to establish that they had acquired any interest in the three parcels through adverse possession.
This issue was addressed in detail in Stokes I. In Stokes /, this court concluded that Stokes had established that the heirs of Larenda Jenkins held legal title to the three parcels and that the Alexander plaintiffs and Cottrell had failed to establish the elements necessary to acquire title to that property by adverse possession. See Stokes I, 58 So.3d at 132-34.
The evidence presented to the trial court on remand did not address the issue of adverse possession or whether the Alexander plaintiffs and Cottrell held superior title to Stokes; thus, the evidence presented during the- hearing on remand does nothing to alter our previous analysis of this issue.[3] Stokes’s appeal, therefore, presents the same issue presented' in Stokes I, and, based upon the same evidence we considered previously, we adopt the prior reasoning and analysis of this court in Stokes I on the issue of adverse possession:
“We conclude that the Alexander plaintiffs[4] cannot establish their claim of adverse possession because ... their possession of the property was, at all times, permissive. Possession of property is not presumed to be-hostile; and the burden is, at all times, on the party asserting adverse possession to establish by clear and convincing evidence' the necessary elements of his or her claim. See Tidwell v. Strickler, 457 So.2d 365, 368 (Ala.1984). For’ the following reasons, we conclude that the Alexander plaintiffs did not meet this burden of proof.
“The parties do not dispute the fact that, during [Estelle Haggerty Alexander’s] life, Cottrell and Johnny Sr. had lived on the property with Estelle’s permission. Upon Estelle’s death, Cottrell, Johnny Sr„ and certain family members of Johnny Sr. remained on the property.
“ ‘If the initial use is found to have been permissive, continued use will not ripen into adverse possession by mere lapse of time. Wallace v. Putman, 495 So.2d 1072, 1076 (Ala.1986). “In order to change possession from permissive to adverse, the possessor *660 must make a clear and- positive disclaimer or repudiation of the true owner’s title.” Moss v. Woodrow Reynolds & Son Timber Co., 592 So.2d 1029, 1031 (Ala.1992).’
“Wadsworth v. Thompson, 912 So.2d 529, 533 (Ala.Civ.App.2005)....
“The rule governing permissive entry upon the land of another remains applicable even when the original permissive user is deceased and' his or her children or others claiming through him or her continue on the property.... Thus, because Cottrell and Johnny Sr.’s possession of the property was originally permissive, their families’ continued possession of that property could be nothing more than permissive. Such possession could not ripen into adverse possession to the title owner, without a ‘ “clear and positive disclaimer or repudiation” ’ of the owner’s title....
“We find no evidence of a repudiation or disclaimer pf this permissive use preceding the filing of the 2003 quiet-title action by the Alexander plaintiffs....
“Additionally, the Alexander plaintiffs were aware that the taxes assessed against the property were paid by the administrators of Estelle’s estate and then by Frank Stokes, Jr., from 1962 up until at least the late 1990s and possibly until 2003, when this quiet-title action was filed. The Alexander plaintiffs accepted that benefit and continued living on the land without cost until they decided to pursue a quiet-title action.
“Further, the Alexander plaintiffs were aware that the administrator was leasing the property to' third parties and that those leases applied to all the property in Estelle’s estate. In fact, the two leases included in the record demonstrated the permissive nature of the Alexander plaintiffs’ use....
“Based on the record evidence, it appears that the Alexander plaintiffs knew and acknowledged that the administrators and Frank Stokes, Jr., exercised control over the property and that third parties, acting under the authority of Jenkins and the Stokeses, were within their rights to be on the property. Such acquiescence is inconsistent with the exclusive, hostile, open, and notorious possession of property required to establish adverse possession.
“Because the Alexander plaintiffs’ possession of the property was permissive and because they established no evidence of repudiation or disclaimer of that permissive nature, their claim of adverse possession faded as a matter of law.”
Stokes I, 58 So.3d at 132-33.
We therefore conclude that the Alexander plaintiffs and Cottrell failed to establish the elements of adverse possession as to the three parcels. We reverse the judgment of the trial court to the extent it purports to quiet title to the three parcels in the Alexander plaintiffs and Cottrell through adverse possession, and we remand the cause to the trial court for the entry of a judgment quieting title to the three parcels in Stokes, as an heir of Lar-enda Jenkins.
Based on our resolution of the issue raised by Stokes in appeal no. 2101086, the issues asserted by the Alexander plaintiffs in appeal no. 2100920 are moot. We therefore pretermit a discussion of those issues.
2100920 — APPEAL DISMISSED AS MOOT.
2101086 — REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.

. On remand, Cottrell clarified that her name is ''EStella" and not "E’Stella,” as was used in the previous appeal. We use the spelling used in the previous appeal for clarity and consistency.

. Stokes moved to incorporate the- record from the previous appeal; that motion was granted.

. Stokes was allowed to observe, but not participate in, that hearing. The trial court addressed only the issue of what interest, if any, Cottrell held in the three parcels.

.In Stokes I, this court identified "the Alexander plaintiffs” to include Cottrell.